# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON NDREMIZARA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil No. 12-1507 (RCL) |
| TOWERS WATSON (TOWERS WATSON DELAWARE, INC., TOWERS WATSON PENNSYLVANIA, INC.), | ) ) ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

Plaintiff Jason Ndremizara, appearing *pro se*, alleges that defendant Towers Watson discriminated against him on the basis of race and age by failing to hire him for an actuarial position with the company. Towers Watson has moved to dismiss under Rule 12(b)(6), or in the alternative, for a more definite statement. For the reasons given below, the Court will GRANT the motion to dismiss.

A motion to dismiss is appropriate when the complaint fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Such a failure occurs when the complaint is so factually deficient that the plaintiff's claim for relief is not plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Though facts in a complaint need not be detailed, Rule 8 "demands more than an unadorned, the-defendant-harmed-me accusation." *Ashcroft v. Igbal*, 556 U.S. 662, 678 (2009). The Court must accept all factual statements as true when deciding a Rule 12(b)(6) motion to dismiss. *Id.* at 678. However, conclusory legal allegations

devoid of any factual support do not enjoy the same presumption of truth. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Nevertheless, a *pro se* plaintiff's complaint "must present a claim on which the Court can grant relief." *Utterback v. Geithner*, 754 F.Supp.2d 52, 54 (D.D.C.2010) (quoting *Chandler v. Roche*, 215 F.Supp.2d 166, 168 (D.D.C.2002)).

Plaintiff's Amended Complaint fails to allege facts sufficient to establish his discrimination claim, and relies instead only on conslusory, uncorroborated statements. Plaintiff alleges no facts to suggest that Towers Watson knew his age or race when rejecting his application. Further, this complaint is one of nine nearly-identical complaints, with only the defendant's name changed, filed by Ndremizara against other companies that have failed to hire him. Def.'s Mot. to Dismiss 2–3. Taking judicial notice of these cases, this Court notes especially the order granting the defendant's motion to dismiss in *Ndremizara v. Hanover Insurance Company*, No. 4:12-CV-40109 (D. Mass., May 31, 2013), which notes the same deficiencies in Ndremizara's complaint.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on August 21, 2013.